ELIZABETH A. MERRITT V. HENRY E. STEBBINS.

*Evidence—Conversations.*

In a suit involving the ownership of a colt, the mother of which the plaintiff testifies to having purchased, and to being the sole owner of the same, evidence of conversations between the vendor and third parties, not in plaintiff's presence, tending to show that the sale was not made to the plaintiff, is inadmissible.

Error to Hillsdale. (Lane, J.) Argued May 15, 1891. Decided June 5, 1891.

Replevin. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*E. J. March* and *W. C. Chadwick,* for appellant.

*C. A. Shepard, A. St. John,* and *S. F. Dwight,* for defendant.

McGRATH, J. Plaintiff, the wife of John W. Merritt, brings replevin against defendant, for the recovery of the possession of a sucking colt, taken by defendant as constable upon an execution against George W. Merritt.[1]

Defendant testified that he took the colt upon an execution from plaintiff's possession, and plaintiff testified that she owned the mother of this colt, and bought her from Thomas C. Filson in 1885; that she had been the sole owner from that time down to the time of the trial; that the mother of the colt was served at her expense and by her direction; and that the colt was her property.

Counsel for defendant then called a witness, who was

---

[1] George W. Merritt was a brother of plaintiff's husband.

permitted to testify, under objection, to a conversation between George W. Merritt and Mr. Filson with reference to the purchase of the mother of the colt, and to a conversation between George W. Merritt and the witness in which said George W. Merritt told witness that, if he got the mare, he would let witness use her on the road selling pumps. Defendant also called William H. Filson, a son of Thomas Filson, who was allowed to testify, under objection, to a conversation between George W. Merritt and said Thomas Filson, with reference to the purchase of the mare in question. It appeared that this witness was not present at the time the mare was actually purchased, and the witness stated that he did not know to his own knowledge who purchased the mare. Plaintiff's counsel moved to strike out the testimony, but the court refused. It was not claimed that plaintiff was present at any of these conversations. The record abounds with testimony of this character, which was clearly inadmissible.

The plaintiff, after the defendant had rested, undertook to show by Thomas Filson himself that he sold the mare to plaintiff, and took back from her a chattel mortgage to secure the purchase price; but the court refused to admit it, on the ground that it was not proper rebutting testimony.

The judgment is reversed, and a new trial ordered, with costs of this Court to plaintiff.

The other Justices concurred.