VYN v. KEPPEL.[1]

1. FRAUDULENT CONVEYANCES—EVIDENCE.

Evidence that an alleged fraudulent vendor of chattels was in ill health, and required a change of climate, is admissible to show the good faith of the transaction.

2. SAME—HEARSAY.

Evidence as to what was said by the son of an alleged fraudulent vendor with reference to where he obtained property subsequently sold by him is inadmissible in a suit between the vendee and an execution creditor of the vendor, being mere hearsay.

[1] Rehearing denied March 12, 1896.

3. SAME—STATEMENTS OF VENDOR.
   Statements made by a vendor of chattels after the sale, tend-
   ing to impeach its validity, are inadmissible as against the
   vendee.

Error to Ottawa; Padgham, J. Submitted January 9, 1896. Decided January 28, 1896.

Replevin by Derk Vyn against Bastian D. Keppel. From a judgment for defendant, plaintiff brings error. Reversed.

*George A. Farr* (*C. H. Gleason* and *Arthur Lowell*, of counsel), for appellant.

*Walter I. Lillie*, for appellee.

MOORE, J. The plaintiff brought replevin to secure the possession of a quantity of personal property he claimed to have bought of one Rankans, in November, 1893. The defendant claimed to hold the possession of the property as sheriff by virtue of a *fi. fa.* issued in the case of *Rice* v. *Rankans*, and he further claimed that the sale from Rankans to Vyn was a fraud against the creditors of Rankans. The defendant had judgment against the plaintiff.

It is evident that the good faith of the sale from Rankans to Vyn was an important question in the case. The plaintiff sought to show that, at the time of his purchase, Rankans had the bronchitis; that a change of climate was needed by him; and that this was one of the reasons for making the sale. The learned judge excluded this testimony. In doing this, we think, he erred, as the testimony was competent as bearing upon the question of good faith. *Angell* v. *Pickard*, 61 Mich. 570, and cases there cited.

The defendant was allowed to introduce testimony, against plaintiff's objection, that a son of Rankans, subsequent to the sale, had sold oats to one Kimball, and what he told Kimball as to where they came from. This was hearsay testimony.

The defendant was also allowed to give testimony to the effect that Rankans had said, subsequent to the sale, and not in the presence of Vyn, that the sale was all moonshine, and that he had not made a sale. To allow this testimony was error, for the rule is well settled that the vendee is not bound by statements made by his vendor subsequent to the sale. Vyn could not be bound by these statements. *Ganong* v. *Green*, 71 Mich. 10; *Merritt* v. *Stebbins*, 86 Mich. 342; *Blanchard* v. *Moors*, 85 Mich. 380.

It will not be necessary to consider the other assignments of error.

For the reasons stated, the judgment is reversed, with costs of this court, and a new trial ordered.

The other Justices concurred.