HENDERSON v. AGON.

1. ASSAULT AND BATTERY—DAMAGES—INSTRUCTIONS.
   Where, in an action for assault and battery, it appears that defendant, in the presence of others, rudely and insolently laid his hands on plaintiff, a clerk in his store, under circumstances implying an accusation of dishonesty, and led her by the hand through his store and to the basement, and there took from her a sum of money which he said he would keep until she proved it was hers, an instruction that the damages must be compensatory, and if the assault was committed under circumstances of peculiar indignity and humiliation, the jury might consider the wounded feelings of plaintiff, and the humiliation and disgrace, is proper.

2. SAME—MATTER FOR JURY.
   Plaintiff is entitled to lay the whole matter before the jury, and the jury is properly permitted to consider the actions and words of the defendant to' determine the character of the assault and battery, and the court cannot properly instruct, as a matter of law, that the loss of the money was not damage flowing from the assault.

3. APPEAL AND ERROR — QUESTIONS CONSIDERED — EXCLUSION OF
   ˙ EVIDENCE.
   Assignments of error in excluding evidence will not be considered where no exception was taken and the court is not informed, by an offer to prove or otherwise, what the testimony would have been, though it is asserted in the brief that the record makes the purpose of the evidence clear.

Error to Kent; Perkins, J. Submitted February 20, 1907. (Docket No. 68.) Decided April 30, 1907.

Case by Mary L. Henderson, by next friend, against Leon Agon for an assault and battery. There was judgment for plaintiff, and defendant brings error. Affirmed.

*E. J. Adams*, for appellant.

*Hatch & Wilson*, for appellee.

OSTRANDER, J. Plaintiff recovered a verdict and judg-

ment for $200 against defendant upon a declaration charging an assault and battery, with the averment that it was committed in the presence of divers persons, "to the great mortification, shame and disgrace of the said plaintiff."

Plaintiff was a clerk in defendant's store. Defendant, appealing, contends:

1. There was no assault or battery shown by the evidence.

2. There was no actual damage, and could be no exemplary damage, for want of malice.

3. The court did not instruct the jury, as requested, that the $4.20 could not be considered in this case.

4. The court did not instruct the jury they could not consider defamatory words spoken in this action.

5. The court erred in not permitting defendant to show what information he had of plaintiff's pilfering at the time of the alleged assault.

The evidence for plaintiff was sufficient, if believed, to support a finding that defendant rudely and insolently laid his hands upon the person of plaintiff, in the presence of others, and that there was implied, in his action, an accusation of dishonesty. She was led by the hand through the store, in business hours, to the basement of the store, and money to the amount of $4.20, found in her purse, was taken from her and never returned. There was no personal injury, and after the affair was ended plaintiff worked the remainder of the day. The court did not permit the jury to give exemplary damages, but did instruct them that the damages assessed must be compensatory, and, if the assault was committed under circumstances of peculiar indignity and humiliation, they might consider the wounded feelings of plaintiff, the humiliation, and disgrace. This was proper. *Detroit Daily Post Co.* v. *McArthur*, 16 Mich. 447; *Scripps* v. *Reilly*, 38 Mich. 10; *Lucas* v. *Railroad Co.*, 98 Mich. 1; *Haviland* v. *Chase*, 116 Mich. 214.

Counsel for defendant requested the court to charge the jury in the following language:

"If you should find for the plaintiff, in arriving at the amount of damages, you will not take into consideration any disgrace or humiliation or injury to her name or reputation by reason of the utterance of any words charging her with taking money."

This was refused, and the refusal assigned as error. So far as any accusation, implied or other, was made by defendant in the store, it was not overheard. In the basement other employés were working, and in their presence, according to the testimony of plaintiff, defendant demanded to see the money she had on her person, that she give an account of it, and ended by taking the money, with the remark:

"Here is $4.20 belonging to her. I will put this in my pocket, and I will keep it until she proves that it is hers."

She testified, further, that in the basement defendant was fumbling about her waist where her purse was. Plaintiff was entitled to lay the whole matter before the jury, and the jury were properly permitted to consider the actions and the words of defendant to determine the character of the assault and battery claimed to have been committed by him. The court confined the jury to an estimation of damages flowing from the assault which they found, from all the evidence, was committed. The court could not properly have instructed the jury as matter of law that the loss of the money was not damage flowing from the assault.

It is complained that certain testimony of defendant was improperly excluded. While the refusal to admit the testimony is assigned as error, no exception was taken, nor are we informed, by an offer to prove or otherwise, what the testimony would have been, although it is asserted in the brief that the record makes the purpose of the evidence clear.

We find no error. Judgment is affirmed.

McALVAY, C. J., and CARPENTER, HOOKER, and MOORE, JJ., concurred.