REPUBLIC NATIONAL BANK *v.* BOBO.

SAME *v.* TUCKER.

1. BILLS AND NOTES—FRAUD—ADMISSIONS—GOOD FAITH—BURDEN OF PROOF.

   In an action by a bank on certain promissory notes, where plaintiff admitted that there was fraud in their inception, but claimed to have had no knowledge thereof when they were purchased, the burden of proof was on plaintiff to show that it was a holder in good faith (2 Comp. Laws 1915, § 6100).

2. SAME—GOOD FAITH—EVIDENCE—SUFFICIENCY.

   Evidence *held*, to sustain the finding of the trial court that plaintiff had failed to discharge the burden of proof which rested upon it to show its good faith and that it paid value for the notes sued on.

Error to Calhoun; North (Walter H.), J.    Submitted January 11, 1924.    (Docket Nos. 57, 58.) Decided April 10, 1924.

Separate actions of assumpsit by the Republic

National Bank of St. Louis against Walter T. Bobo and Frederick E. S. Tucker upon promissory notes. The cases were consolidated and tried as one. Judgment for defendants. Plaintiff brings error. Affirmed.

*Leland H. Sabin,* for appellant.

*Burritt Hamilton,* for appellees.

BIRD, J. These cases were tried together. Both involve the consideration paid for oil stock. Both defendants gave their promissory notes for certain shares of stock in the General Refining Company. They refused to pay the notes on the ground that they were obtained by false representations concerning the financial condition of the company. The plaintiff admitted on the trial, for the purpose of these suits, that there was fraud in the inception of the notes, but it insisted it had no knowledge of the fraud when they were purchased, and that they were purchased for value and, therefore, they were holders in due course. The question of *bona fides* is the only important question in the case. The case was heard by the trial court without the aid of a jury, and judgment was rendered for defendants.

Was plaintiff the holder of these notes in due course? In the consideration of this question we must start out with the understanding that the burden of proof was on plaintiff to show it was a holder in good faith for value, the ordinary rule being reversed by reason of plaintiff's admission that there was fraud in the inception of the notes. 2 Comp. Laws 1915, § 6100; *John Schweyer & Co.* v. *Mellon,* 196 Mich. 590; *Thompson* v. *Village of Mecosta,* 127 Mich. 522; *Merchants' Nat. Bank* v. *Wadsworth,* 166 Mich. 528; *People's State Bank* v. *Miller,* 185 Mich. 565; 3 R. C. L. p. 1033.

To support its claim of *bona fides* plaintiff took the deposition of two witnesses in St. Louis. Witness

Bradley was one of the vice presidents of plaintiff bank and a member of the discount committee. Mr. O'Halloran, another witness, was director, member of the discount committee and local attorney for the bank. Both testified that at the time of purchase they had no knowledge of any fraud in the inception of the notes, nor of any defense to them. Before purchasing the notes the bank made inquiries of two banks in Battle Creek as to the moral and financial standing of the defendants. The replies received therefrom were favorable as to one defendant, but rather unfavorable as to the financial standing of the other. It further appears that the General Refining Company was a customer of plaintiff, and that it was indebted to the bank, but it does not appear that the indebtedness was due. When the notes were purchased a cashier's check was drawn therefor covering these and other notes purchased, and that amount was at once deposited with plaintiff in the name of John B. Ryan as trustee, Mr. Ryan being the president of the General Refining Company. It did not appear that this deposit had ever been checked out or withdrawn from the bank, although the trial court made the inquiry. Counsel for defendants argues that under these circumstances it does not appear that plaintiff paid value for the notes. To support this argument counsel cites the following cases: *Drovers' National Bank* v. *Blue*, 110 Mich. 31 (64 Am. St. Rep. 327) ; *Central Savings Bank & Trust Co.* v. *Stotter*, 207 Mich. 329.

In the first case cited it was said:

"The testimony shows that no money or valuable thing passed at the time of the purchase. A mere credit was given by the bank for the note—a promise to pay, in other words; and there is nothing to show that this credit was ever drawn upon, or that the account of which it became a part was exhausted before the maturity of the note, or before notice of the fraud.

This did not show the bank to be a purchaser for value, within the rule;" citing authorities.

This holding is cited and approved in *Central Savings Bank & Trust Co.* v. *Stotter, supra.*

A very clear statement of the principle is that:

"Where a bank discounts paper for a depositor, and gives him credit upon its books for the proceeds of such paper, it is not a *bona fide* holder for value, so as to be protected against infirmities in the paper, unless, in addition to the mere fact of crediting the depositor with the proceeds of the paper, some other and valuable consideration passes. Such a transaction simply creates the relation of debtor and creditor between the bank and the depositor, and so long as that relation continues and the deposit is not drawn out the bank stands in the same position as the original party to whom the paper was made payable, even though the bank took the paper before maturity and without notice. By giving credit to the indorser on his deposit account the bank in effect agrees to pay him that amount of money on demand by check or order, and parts with nothing of value. As long as the amount thus credited remains undrawn by the depositor, the bank, if it receives notice of the fraud, is still in a position to return the note to the depositor and cancel the credit. The proposition rests on the plainest principles of justice, and in no manner impairs the desired negotiability and security of commercial paper." 3 R. C. L. p. 1055.

The testimony failed to show that the consideration of these notes ever passed from the General Refining Company to Ryan, its president, or to any other person. The deposit showing Ryan as trustee indicates that the money did not belong to him. From these facts we think it may safely be assumed that the money belonged to the General Refining Company. These and other facts prompted the trial court to suggest that:

"While the proof is not as conclusive as might be desired, I think the fair and reasonable conclusion to be drawn from the record in this case is that these

notes were discounted for the sole purpose of crediting the funds thus obtained upon the obligation of the General Refining Company; and that the funds were placed in the name of the president of said company as trustee either for the purpose of making it appear that the plaintiff was a holder in due course, or for the purpose of withholding credit on the obligation of the General Refining Company until the funds were actually received from the collection of the respective notes."

We are of the opinion that the state of the proofs justified these inferences.

We are impressed that considerable haze overhangs the testimony bearing on the good faith of plaintiff in the purchase of these notes. Serious questions of doubt have been raised which might have been cleared up and removed had the testimony of Mr. Brown, the president, or the cashier or some executive officer of the bank been taken. It was just as easy to take the testimony of some executive officer who could explain this deposit as it was to take the testimony of someone who had no knowledge of it. Neither of the witnesses, whose testimony was taken, was an executive officer of the bank. Neither appeared to know the agreement under which the deposit in the name of the president was made. In fact, the testimony necessary to clear the matter up was all within the easy reach of plaintiff. Not having seen fit to furnish the testimony which it was possessed of, we think the court reached a very proper conclusion that plaintiff had not discharged the burden of proof which rested upon it to show its good faith and that it paid value therefor.

The judgment of the trial court is affirmed.

CLARK, C. J., and McDONALD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.