FOX RIVER VALLEY STATE BANK *v.* EAST.

1. BILLS AND NOTES—FRAUD—ADMISSIONS—GOOD FAITH — BURDEN OF PROOF.

    Where, in an action by a bank on certain promissory notes, it did not contest defendant's claim that the original notes were procured from him by fraud, the burden shifted to it to show that it was a *bona fide* holder.[1]

2. SAME—EVIDENCE—QUESTION FOR JURY.

    The burden of good faith being on plaintiff, testimony *held,* to make a case for the jury.[2]

3. SAME—TRIAL—INSTRUCTIONS.

    Where the testimony of defendant, which was not denied, clearly established that the original notes were obtained by fraudulent representations, the trial court was justified in so instructing the jury.[3]

    Error to Cass; Des Voignes (L. Burget), J. Submitted October 17, 1924. (Docket No. 111.) Decided April 3, 1925.

    Assumpsit by the Fox River Valley State Bank against J. M. East upon promissory notes. Judgment for defendant. Plaintiff brings error. Affirmed.

    *Asa K. Hayden,* for appellant.

    *Thomas J. Cavanaugh,* for appellee.

    BIRD, J. This suit is based upon three promissory notes signed by defendant. The defense was that the notes were obtained by fraudulent representations, and that the plaintiff was not a good faith holder for value. Defendant had verdict, and plaintiff assigns error.

---

[1]Bills and Notes, 8 C. J. § 1292; [2]Id., 8 C. J. § 1376; [3]Id., 8 C. J. § 1394.

Defendant showed upon the trial that the notes in suit were obtained from him by one D. L. Reed, a stock salesman, upon the promise that they were not to be sold, but were to be deposited in the bank and used as a security in his stock-selling operations. At the same time Reed executed his notes for a like amount and delivered them to defendant. These appear to have been worthless. It appeared that before the occasion of giving these notes other notes had been given Reed by defendant on the same terms, the representation being that when he disposed of the particular issue of stock which he was selling defendant would share to some extent in the profits. It also appeared that other parties were aiding and assisting Reed in obtaining the notes.

It further appears that instead of using the notes for security as promised Reed took them to plaintiff bank at McHenry, in the State of Illinois, and offered them for a discount of $2,000. Mr. Hoy, vice president of the bank, came over to Michigan to investigate the responsibility of defendant. He came to defendant's farm and induced him to give three new notes, one for $5,000 and two for $2,500 each, in place of two $5,000 notes which had been originally given. The new notes were given upon blanks which he brought with him from plaintiff bank. While Hoy was at defendant's it is the claim of defendant that he explained to him his transactions with Reed and informed him that the notes were not to be sold but were to be used as security until Reed disposed of certain stock which he was selling.

Counsel assigns error on the refusal of the court to direct a verdict for plaintiff. It was plaintiff's contention that there was no proof bearing on that question which should have been submitted to the jury.

The negotiable instrument act defines a holder in

due course as a "holder who has taken the instrument under the following conditions:"

"*First.* That it is complete and regular upon its face;

"*Second.* That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;

"*Third.* That he took it in good faith and for value;

"*Fourth.* That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it." 2 Comp. Laws 1915, § 6093.

That the original notes were obtained from defendant by fraudulent representations was not contested. When this was shown the burden shifted to plaintiff to show that it was a *bona fide* holder. 2 Comp. Laws 1915, § 6100; *John Schweyer & Co.* v. *Mellon,* 196 Mich. 590; *Thompson* v. *Village of Mecosta,* 127 Mich. 522; *Merchants' Nat. Bank* v. *Wadsworth,* 166 Mich. 528; *People's State Bank* v. *Miller,* 185 Mich. 565; 3 R. C. L. p. 1033.

It was shown by defendant that when Hoy, the vice president of plaintiff, came to Michigan, it was via Decatur. While in Decatur he called upon a brother banker and discussed with him the question of defendant's responsibility, and the brother banker advised him "I told him that as between bankers I would advise him not to buy the notes." It was further shown by defendant's testimony that when Hoy called upon defendant he was informed the purpose for which the notes had been given, and was distinctly advised that they were not to be sold but were to be used as security only. Defendant was advised by Hoy as he was leaving that he had better let Reed and his associates alone.

If the burden of showing its good faith had not been on plaintiff counsel's argument that the testimony fell short of making a case for the jury would be more

plausible.   When, however, the burden rests on plaintiff to show it is a holder in due course the testimony recited makes a case for the jury.   *Auld* v. *Walker,* 107 Neb. 676 (186 N. W. 1008).

It further appeared on the trial that plaintiff issued its certificates of deposit in payment of the notes, and that it did not redeem them until after this suit was begun, if at all, and it is not made certain by the proofs that plaintiff ever paid the certificates which it issued in payment of the notes.   We have recently discussed the question whether one can be a holder in due course under such circumstances.   *Republic National Bank* v. *Bobo,* 227 Mich. 6.

There is another serious question whether the notes sued on were negotiable by reason of the uncertainty in the time of payment and because of the stipulation which they contained with reference to attorney fees. We think, however, that it will be unnecessary to discuss this question on account of our views on the other questions.   See *Altman* v. *Rittershofer,* 68 Mich. 287 (13 Am. St. Rep. 341) ; *Smith* v. *VanBlarcom,* 45 Mich. 371.

Complaint is made because the trial court instructed the jury that the original notes were obtained by fraudulent representations.   It appeared without objection that Reed, to whom the original notes had been given, had been convicted of conspiring with one Collins to defraud defendant in these transactions, and that the conviction had been affirmed by this court in *People* v. *Reed,* 225 Mich. 305.   While the court stated to the jury that the original notes were fraudulently obtained, he submitted to the jury the question of the *bona fides* of plaintiff as to the notes which were issued in their stead.   The testimony of defendant, which was not denied, clearly established that the original notes were obtained by fraudulent representations.   In view of these facts we think the court was

justified in submitting the instruction.    The charge of the court was a very fair one and as favorable to plaintiff as the proofs would warrant.

The judgment of the trial court will be affirmed.

McDONALD, C. J., and CLARK, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.