CRONIN *v.* PALM.

1. Bills and Notes—Bona Fide Purchaser.
    In an action on a note, record *held*, to present an issue of fact as to whether the plaintiffs were *bona fide* holders without notice of alleged infirmities of the note.

2. Same—Burden on Holders to Show They Were Bona Fide Purchasers.
    Under the circumstances, it was incumbent upon plaintiffs to show affirmatively that they were holders in due course.

3. Principal and Agent—Admission of Agent Incompetent to Establish Agency.
    An agent's admission is incompetent to prove his agency.

Error to Wayne; Lamb (Fred S.), J., presiding. Submitted June 13, 1928. (Docket No. 114, Calendar No. 33,538.) Decided October 1, 1928.

Assumpsit in justice's court by Kean L. Cronin and Frank J. Weston, copartners as Cronin & Weston, against Oscar A. Palm on a promissory note. There was judgment for plaintiffs, and defendant appealed to the circuit court. Judgment for defendant. Plaintiffs bring error. Reversed.

*John W. Babcock,* for appellants.

*J. H. M. Alexander,* for appellee.

North, J. These plaintiffs, doing business as Cronin & Weston, brought this suit in justice's court upon a promissory note, and upon appeal to the circuit court and trial by jury the defendant prevailed.

The plaintiffs have brought the case here by writ of error.

Under the pleadings the defendant gave notice of various defenses, including the following:

"That the plaintiffs are not *bona fide* holders for value in due course without notice of the promissory note sued upon. That said note was obtained by misrepresentations and fraud by the Fallon Coal Mines Company   *   *   *   in payment for certain shares of stock fraudulently issued."

The defendant was induced to give two notes, the one in suit for $500, and the other for $1,000 which were to be used in giving financial assistance to the Fallon Coal Mines Company. The company's note for $1,500 was given in exchange to the defendant, who claims this was a part of a plan by which he was defrauded, and that he in fact received no consideration for his note, and he so testified. The plaintiffs claim that they received the note before maturity as a part of their compensation for services rendered in securing a loan for some person whose name and identity are not disclosed. They assert they received this note from the hands of a Mr. Knapp who in some way was instrumental in securing the loan above mentioned; but the note was not indorsed by Mr. Knapp. It fell due November 1, 1924, was made payable to the order of the Fallon Coal Mines Company, and bore its indorsement, which seems to be dated October 30, 1924, though there is some uncertainty about this date being a part of the company's indorsement. It was payable at 1200 Washington boulevard, Detroit, Mich., and one of the plaintiffs testified that 1200 Washington Boulevard Building was their office. This same witness also testified relative to the parties to whom it was claimed the

loan was made incident to which the plaintiffs claim they received this note:

"I don't know just the name of the parties.
"Q. Do you know where they live?
"A. No.
"Q. Is there any way you can help us find them?
"A. No."

These and other similar circumstances in the record presented an issue of fact as to whether the plaintiffs were *bona fide* holders without notice of the alleged infirmities of this note. It was incumbent upon the plaintiffs to show affirmatively that they were holders in due course. *People's State Bank* v. *Miller,* 185 Mich. 565; *Fox River Valley State Bank* v. *East,* 229 Mich. 698. At the close of the proofs, the plaintiffs moved for a directed verdict on the ground that there was no competent evidence of fraud or of failure of consideration and also because the undisputed testimony sustained plaintiffs' claim that they took this note in due course and without notice of any infirmities in the title. Under this record, we think the trial judge was justified in denying the plaintiffs' motion for a directed verdict and in submitting the case to the jury.

The defendant was permitted to testify to certain statements which he made to a Mr. Wood, as to how the defendant was induced to sign this note and that it was without consideration. This Mr. Wood made an inquiry first by telephone of the defendant and later saw him personally about this note before the date of its maturity. The defendant claims Wood said: "He was from Cronin & Weston Company." The plaintiffs made a motion to strike from the record the testimony relating to the conversation between the defendant and Wood, this motion being on the ground that there was no competent testimony

that Wood was the agent of the plaintiffs. The motion was denied. Plaintiffs testified Wood was not their agent and that he had no authority to represent them in this transaction. The agent's admission was incompetent to prove his agency. *Gutterson* v. *Dilley,* 201 Mich. 579. There being no other proof of the agency, the motion to strike should have been granted.

We are of the opinion that this incompetent testimony which related to a controlling issue submitted to the jury was prejudicial. For this reason the case must be reversed and a new trial ordered. The appellants will have costs.

FEAD, C. J., and FELLOWS, WIEST, CLARK, MC-DONALD, POTTER, and SHARPE, JJ., concurred.