## LUND v. STARZ.

1. TROVER AND CONVERSION—OWNERSHIP—EVIDENCE—REOPENING OF PROOFS—DISCRETION OF COURT.

   Plaintiffs' ownership of personal property used in drilling and operating of oil wells, the subject matter of their action against defendant for conversion *held,* established under evidence showing that defendant had dealt with plaintiffs as the owners thereof, and exhibits tracing ownership from original lessees to plaintiff assignees that were received when trial court had reopened proofs for the purpose of affording an opportunity to present such proofs, such reopening not constituting an abuse of discretion under the circumstances.

2. EVIDENCE—OWNERSHIP OF PROPERTY—ORAL TESTIMONY.

   Oral testimony may be competent for the purpose of establishing the ownership of property.

3. SAME—PAROL EVIDENCE.

   Parol evidence may be admitted regardless of any writing, where the matter to be proved is a substantive fact which exists independently of the writing, although evidenced by the latter, as both classes of evidence are primary and independent.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 53 Am Jur, Trover and Conversion § 178.
[3] 20 Am Jur, Evidence § 1091 *et seq.*
[4] 53 Am Jur, Trover and Conversion §§ 180, 181.
[7] 14 Am Jur, Costs § 92.

4. TROVER AND CONVERSION—OIL WELL DRILLING APPARATUS—EVIDENCE OF CONVERSION.

   Conversion of plaintiffs' personal property, used in drilling and operating oil well on defendant lessor's property under lease authorizing lessee to remove it at any time, was established by defendant's refusal to permit plaintiff's employee to remove it, based on defendant's claim for compensation for damage to the land, where such damage was inflicted by plaintiffs' predecessor in interest, had been settled by them with defendant and there is no evidence of negligence by plaintiffs or their employees.

5. PRINCIPAL AND AGENT—AUTHORITY OF AGENT—EVIDENCE—COURSE OF DEALINGS.

   Authority of plaintiffs' employee to remove personal property, the subject matter of action for conversion, held, established by course of dealings between the parties.

6. MINES AND MINERALS—OIL AND GAS—CONVERSION OF LESSEE'S PERSONAL PROPERTY—MARKETING OF OIL.

   The presence of marketable oil in receptacles on defendant lessor's land, if such there was, afforded him no basis for conversion of oil and gas pipe and casing, lessee's personal property, used in drilling and operating well on the premises, for claimed damages to premises from overflow of salt water, where lease gave lessee right of removal of such equipment at any time and required lessee to market the oil and see to it that defendant obtained his interest therein.

7. COSTS—BRIEFS.

   No costs are allowed appellees upon affirmance of judgment, where no brief was filed on their behalf.

Appeal from Van Buren; Mosier (Carl D.), J. Submitted January 8, 1959. (Docket No. 28, Calendar No. 46,890.) Decided February 20, 1959.

Case by Otto Lund and Morris J. Weinberg against Carl Starz for conversion of personal property. Judgment for plaintiffs. Defendant appeals. Affirmed.

*John H. Verdonk,* for defendant.

CARR, J.   This is an action to recover damages for the alleged conversion of certain personal property used in connection with the drilling and operating of oil wells.   In April, 1938, the defendant and his wife, being the owners of 60 acres of land in Bangor township, Van Buren county, executed an oil and gas lease to C. O. Thorne and E. E. Jackson.   The instrument by its terms contemplated the drilling of a well on the premises, and, in the event of the finding of oil or gas, provided that the lessors should have a 1/8 interest therein.   It further specified that the lessees should have the right at any time to remove "all machinery and fixtures placed on said premises, including the right to draw and remove casing."

In August, 1949, plaintiffs Lund and Weinberg acquired the lessees' interest under the lease, subject to a 1/8 overriding royalty.   The assignment was executed by Oil Producers, Inc., which, as is indicated by defendant's testimony as a witness in his own behalf on the trial of the case, had previously acquired said interest and operated on the property thereunder.   Apparently defendant had difficulty with said corporation, had sued it for damages for injury to his property, and had recovered a judgment in the sum of $1,318.   After obtaining the interest of their assignor plaintiffs operated the oil well on the premises until the latter part of the year 1952 when production failed.   Due to this situation plaintiffs caused the drive pipe and casing to be pulled, and undertook to remove their property from the defendant's premises.   Defendant Starz refused to permit such removal, resorting to threats, as it is claimed, of bodily injury to plaintiffs' employee.

The testimony in the case indicates that the reason given by defendant at the time for preventing plaintiffs from taking their property in accordance with the terms of the lease had reference to his claim that

his property had been injured by the overflowing of salt water thereon, and that he was entitled, in consequence, to damages. Because of defendant's attitude in the matter, plaintiffs' employee withdrew from the premises, and plaintiffs subsequently instituted the present action on the theory of conversion of their property. Defendant filed answer denying the right of plaintiffs to damages, and by cross declaration asserted the right to recover from plaintiffs and cross defendants for injury to his property in the manner indicated. Defendant Starz's testimony reveals that he had asserted claims for damages against prior operators under the lease, and had received certain payments by way of settlement or satisfaction of his claims. The trial judge, hearing the case without a jury, decided the factual issues involved in favor of the plaintiffs, and entered judgment in their favor in the sum of $3,000. Defendant Starz has appealed.

On behalf of defendant it is contended that plaintiffs did not properly establish their ownership of the property claimed to have been converted. Plaintiff Weinberg testified that he and Lund had acquired the lease by purchase from Oil Producers, Inc. Objection was made on the ground that the lease should be produced, but the testimony was permitted to stand. Proof was also introduced as to the operations by plaintiffs on the premises, the pulling of the drive pipe and casing, and preparations to remove the equipment from defendant's land.

On the record before us the fact that defendant dealt with plaintiffs as owners of the lessees' interest, and consequently of the equipment, is not open to question. At the conclusion of proofs offered on behalf of defendant his counsel again raised the question with reference to the competency of the oral testimony previously received over objection. Thereupon plaintiffs offered in evidence the original

lease given by defendant Starz and his wife to Thorne and Jackson, and the assignment from Oil Producers, Inc., to plaintiffs in 1949. Objection to the exhibits was interposed on the ground that they were not rebuttal proofs. The trial judge evidently considered that he was reopening the proofs in order to allow plaintiffs an opportunity to present the exhibits in question, stating in this connection that: "This case shouldn't fail on a technicality at this time." We find no abuse of discretion in the ruling of the trial court.

It may be noted further that this Court in prior cases has recognized the competency of oral testimony for the purpose of establishing the ownership of property. In *Pearson* v. *Wallace,* 203 Mich 622, 628, 629, it was held that:

"Whether a certain corporation is in possession of property may be proved by anyone who knows the fact. Assuming that it was error to receive the testimony of the witness to the effect that the property was in the hands of a *receiver,* the judgment should not therefore be reversed. The fact was not disputed. The essence of the testimony was, not the legality of the appointment of a receiver, but was that the trustee of the bondholders had, for some reason, taken possession of the property and was conducting its business."

The above decision was cited in *New Jersey Title Guarantee & Trust Co.* v. *McGrath,* 239 Mich 404, 408, in which the Court upheld the right of a witness to testify to facts notwithstanding that such facts were contained in books of account. In reaching that conclusion the Court quoted with approval 22 CJ, pp 983, 984, as follows:

" 'Where the matter to be proved is a substantive fact which exists independently of any writing, although evidenced thereby, and which can be as fully and satisfactorily established by parol as by writ-

ten evidence, then both classes of evidence are primary and independent, and parol evidence may be admitted regardless of the writing.' "

See, also, *Neely* v. *Detroit Sugar Co.*, 138 Mich 469, where it was held:

"Where, in an action for damages to a millpond and race, defendant's witness stated that he at one time owned the mill property, a statement elicited on cross-examination that he had sold to a certain party, under whom plaintiff claimed, was not objectionable as an admission of oral proof of sale." (Syllabus 3.)

The trial court was correct in holding that plaintiffs had established their ownership of the property in question, and, also, in finding from the proofs that appellant had converted said property. It is conceded that defendant refused to permit the removal of the equipment from his premises. It is equally apparent that he did so in the attempt to force the payment to him of damages for alleged injury to his land. He claimed no interest in the property, nor did he assert that it belonged to a third party. His retention of possession of the equipment was prompted by a desire and an intent to thereby serve his own interests in the manner indicated. This he had no right to do, as a matter of law. It may be noted, also, that, as found by the trial judge, the proofs failed to substantiate defendant's claim of any right to recover damages from these plaintiffs because of injury to his land. He had previously been recompensed by others because of such injury, and there is no evidence in this record on which to base a finding that the land was further injured by any negligent conduct on the part of plaintiffs or their employees.

It is further argued on behalf of appellant that plaintiffs had not advised defendant as to the au-

thority of their employee to remove the property. However, the assertion by defendant at the time of his intention to retain possession to enforce payment of his claim for damages clearly indicates the basis of his action. Plaintiffs' employee had in fact been in charge of operations for some time, had dealt with defendant accordingly, and had, with the knowledge of defendant, removed certain articles from the premises without his authority being in any way questioned. Under the circumstances defendant is not now in position to claim that he was entitled to retain possession of the equipment because of failure on the part of plaintiffs to furnish proof as to their employee's authority. Such proof had in fact been furnished by the course of dealings between the parties.

It is further contended that defendant had a right to hold the property because, as it is argued, there was some oil in the tanks in which defendant had a 1/8 interest. Whether the proofs justify a conclusion that there was in fact marketable oil in the receptacles is open to question. However, if such was the fact, it rested with the plaintiffs, in accordance with the dealings between the parties under the lease, to cause it to be refined and sold to the end that the respective interests of the parties might be realized therefrom. Counsel for appellant recognized the situation in this respect, stating in his brief in connection with the claim that there was oil in the tanks that "it was the duty of the plaintiff, if he was the operator under the lease, to market. Plaintiff had the duty to market the said oil, that is, send it to a refinery and to see to it that defendant would receive his interest therein." Defendant did not refuse to permit the removal of plaintiffs' property because there was oil in the tanks, if such was the case, nor could he have relied on such fact. Obviously plaintiffs could not have performed the

duties that counsel admits rested on them without taking possession of the oil. The conclusion cannot be avoided that defendant was guilty of converting plaintiffs' property, and the latter are entitled to recover damages accordingly. The factual issues were properly determined by the trial court, and the judgment is affirmed.

No brief having been filed on behalf of appellees, costs are not allowed.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.