## SLATER v. CHRISTENSON.

MECHANICS' LIENS—PAYMENT—BURDEN OF PROOF—EVIDENCE—SUFFICIENCY.
On appeal from a decree in favor of plaintiffs in a suit to foreclose a mechanic's lien, where the evidence in favor of defendants was insufficient to meet the burden of proof upon them to establish their defense of payment, the decree of the court below should not be disturbed.

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted January 10, 1924. (Docket No. 34.) Decided April 10, 1924.

Bill by Olney A. Slater and others against Arthur A. Christenson and others to foreclose a mechanic's lien. From a decree for plaintiffs, defendants Christenson appeal. Affirmed.

*Doty & Cram,* for plaintiffs.

*Pelton & McGee,* for appellants.

FELLOWS, J. This bill is filed to enforce a lien for materials furnished by plaintiffs for a house erected on premises owned by defendants Christenson. Defendant Packard was the contractor. He was at default in the court below. Defendant bank holds a mortgage on the premises. Defendant Tabor is vendee in a land contract for the purchase of the premises. Both the bank and Tabor filed answers and contested the case in the court below. Neither has appealed from an adverse decree. No question of regularity of the proceedings or the amount of the decree if one should pass is raised, and the case as here presented is one of fact pure and simple.

Plaintiffs are dealers in builders' supplies at Pontiac. Defendant Packard was an extensive contractor in that city. It is the claim of the plaintiffs that in August, 1919, Packard had eight or ten jobs on hand and was then owing them about $5,000 for materials furnished; that they were desirous of having this indebtedness reduced and crowded him for some payment on the account; that he agreed to turn over to them an equity of $2,600, which he expected soon to receive, to be applied on his indebtedness; that they caused an examination to be made of the property he was to receive and it was agreed between them that plaintiff would take the equity at $2,250 and apply that amount on his account. It is beyond dispute that the equity Packard expected to receive and turn over to plaintiff was one owned by defendants

Christenson and spoken of in the record as the "Gray contract." On August 13th, defendants Packard and Arthur C. Christenson entered into a written contract whereby Packard agreed to furnish a lot and build a bungalow and garage thereon for defendant Christenson for $5,800. Christenson agreed to turn over to Packard his equity in the Gray contract at the sum of $2,600 and pay the balance as the work progressed.

On August 30th, Packard and wife and defendants Christenson met at the office of plaintiffs. Packard and wife conveyed to defendants Christenson the lot on which Packard had agreed to erect the bungalow and garage and the Christensons executed a deed to plaintiffs of their equity in the Gray contract. It is the claim of plaintiffs that the deed was executed direct to them instead of to Packard and by him and his wife to plaintiffs in order to save the expense of extra revenue stamps and the making and recording of two deeds. Defendants Christenson claim that the deed was executed to plaintiffs because of an arrangement made by them with a representative of plaintiffs whereby the equity was to be taken at $2,600 by plaintiffs to pay for materials going into their house and the balance to be credited to them. On the same day Packard gave defendant Arthur A. Christenson a receipt for $2,600 to apply on the building contract with him. Plaintiffs credited Packard's account with the agreed sum, $2,250. They furnished the material for the Christenson house, and Packard proceeded with the work. He did not fully complete it, however, and it is said left for parts unknown.

The defense was that of payment and the burden rested on defendants to establish it. The trial judge concluded they had not discharged that burden and entered a decree sustaining the lien. We are not persuaded that we should disturb the decree. That the deed was given direct to plaintiffs to save expenses seems credible. But it does not seem probable

that defendant Christenson after agreeing to deed his equity to Packard as a down-payment on the contract should enter into negotiations with plaintiffs and also agree with them to deed the same equity to them in payment for materials which Packard had agreed to furnish. The fact that they took a receipt from Packard for the $2,600 instead of from plaintiff is significant, and the claim that they were to have credit for any unexpended balance of the value of the equity does not tally with the receipt or the circumstances surrounding the transaction. Plaintiffs could have acquired this equity from Packard for $2,250. It seems improbable that they agreed to allow appellants $350 more for it. While appellants were more positive in the testimony they gave than was plaintiffs' representative, the surrounding circumstances weigh quite strongly against them. The trial judge had an advantage we do not possess, that of seeing the witnesses on the stand and of observing their demeanor. And while we are not controlled by his findings we are not persuaded upon this record that he reached an incorrect conclusion.

The decree will be affirmed, with costs of this court.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.