### BEN AGREE COMPANY *v.* SORENSON-GROSS CONSTRUCTION CO.

APPEAL AND ERROR—CONSTRUCTION PROJECT—EXTRA EXPENSE—FINDING OF COURT—EVIDENCE.

> Trial judge's conclusion in action by mechanical subcontractor against general contractor under contract to construct a public building, that neither party was without fault, and that neither, by a preponderance of the evidence, had established its claim against the other for the delay and extra expense incurred, and that the difficulty encountered by each was principally due to the inclement weather, is not disturbed under record presented on appeal.

Appeal from Genesee; Roth (Stephen J.), J.  Submitted October 13, 1961.  (Docket No. 72, Calendar No. 48,871.)  Decided December 1, 1961.

Case by Ben Agree Company, a Michigan corporation, against Sorensen-Gross Construction Co., a Michigan corporation, for damages arising from failure properly to schedule construction operations. Judgment for defendant.  Plaintiff appeals.  Affirmed.

*Hoffman & Rubenstein (Gilbert Y. Rubenstein,* of counsel), for plaintiff.

*Winegarden, Booth & Ricker,* for defendant.

PER CURIAM.  We said, of *Grossbart* v. *Gilbert,* 364 Mich 96.  "This is a prime example of the kind of

---

REFERENCES FOR POINTS IN HEADNOTES
3 Am Jur, Appeal and Error § 1163.

case which ought not to be here on appeal." Here is another like case.

Plaintiff was the "mechanical" contractor engaged in the construction of a public building in Flint. Defendant was the general contractor. Plaintiff was responsible for the plumbing, heating, and air-conditioning job, which required the installation of certain duct work. Defendant was responsible for coordinating and expediting all phases of the construction. A part of its duty was that of inspection of the work of the various subcontractors and of due report to the architect when defective or improper work was discovered.

Construction started in the summer of 1957 and progressed on schedule until November. Plaintiff commenced installation of the duct work during that month. There is a dispute whether defendant instructed plaintiff to install only the smaller ducts or whether, as plaintiff contends, he was given "a green light" to do all of the duct work. Defendant claims it approved only the small duct work.

According to the construction specifications the ducts were to be suspended below steel supporting beams, with at least 1 to 1-1/2 inches of space left between the top of each duct and the bottom of each supporting beam. This space was to be filled later with a fireproofing plaster, to be sprayed into the required space by means of air pressure. Plaintiff, in many instances, placed the ducts tight against the beams. On account of this the architect (in March of 1958) ordered plaintiff to remove much of the installed duct work and rehang it according to such specifications.

When plaintiff started the duct work severe weather conditions set in and its subcontract fell behind schedule some 2 or 3 months. Portions of the roof work were held up, apparently on account of such conditions, and the building was not enclosed and

heated.   Without such heating the spaces between beams and ducts could not be filled.

Defendant's testimony was to effect that as soon as plaintiff started to hang the larger ducts it complained about the spacing and continued so to do for several months.   Plaintiff denies all this.   The architect was finally notified and issued the above order. Plaintiff complied, although with some delay and at considerable loss, which loss it seeks to recover by this suit.

The gravamen of plaintiff's charge is that its loss is attributable solely to defendant in that defendant failed to coordinate properly the work of the various subcontracts and in that defendant failed to promptly notify the architect of the defective duct work.   Its contention is that if the architect had been promptly notified the defective work would have been arrested before completion with resultant reduction of such loss.

The case was tried to the court.   Judgment entered against both parties (defendant having filed a now abandoned "cross-declaration").   The trial judge concluded that "the difficulties and extra expense encountered by each of them was principally attributable to the delay caused by the inclement weather"; that he was unable to find either party without fault, and that neither party has "by a preponderance of the evidence established its claim against the other." With these conclusions we find ourselves in agreement.

Affirmed.   Costs to defendant.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.