## WHEELMAKERS, INC v CITY OF FLINT

1. CONTRACTS—PAROL EVIDENCE.

The parol evidence rule dictates that parties who contract in writing are conclusively presumed to have intended what they have written, as their complete agreement, so that they may not offer parol testimony to *vary* or *contradict* their writing, or substitute new or different terms.

2. EVIDENCE—PAROL EVIDENCE—LEASES.

Leases are subject to the parol evidence rule.

3. EVIDENCE—PAROL EVIDENCE—WRITTEN INSTRUMENT—ADMISSIBILITY.

Parol evidence which does not vary or contradict the unambiguous terms of a written instrument is admissible.

4. EVIDENCE—PAROL EVIDENCE—ADMISSIBILITY—LEASES.

A clause in a lease between an airport commission and a restaurant in the airport terminal that provided for parking rights "in common with other users and occupants" of the terminal in spaces assigned "for the use of the general public" but did not mention what kind of use, free or otherwise, was contemplated was not so clear as to prohibit the restaurant from showing that free parking was in fact contemplated; the trial court correctly allowed the use of parol evidence as a permissible aid to it under such circumstances.

5. EVIDENCE—PAROL EVIDENCE—ADMISSIBILITY—LEASES.

A trial judge properly allowed parol evidence in regard to an exclusive service clause in a lease between an airport commission and a restaurant in the airport terminal that provided that only the restaurant could sell food and refreshments, where the parol testimony related to the numerous restaurant failures in the past at the airport and that it was exactly for

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 17 Am Jur 2d, Contracts § 24.
[2, 4–6] 49 Am Jur 2d, Landlord and Tenant §§ 145–153.
[7] 40 Am Jur 2d, Hotels, Motels, and Restaurants §§ 10, 11.
[8] 17 Am Jur 2d, Contracts §§ 441–447.

this reason that the exclusive service clause was sought and included; since such testimony could not vary or contradict the terms of the contract, there was no violation of the parol evidence rule.

6. CONTRACTS—LEASE—EXCLUSIVE SERVICE CLAUSE—FOOD AND REFRESHMENTS—VENDING MACHINES.

A trial judge's decision that an exclusive service clause regarding food and drink in a lease between an airport commission and a restaurant in the airport terminal properly prohibited the commission from operating vending machines that sold food and drink in competition with the restaurant was not erroneous.

7. WORDS AND PHRASES—"RESTAURANT".

The term "restaurant" has no fixed meaning and is used indiscriminately for all places where refreshments can be had.

8. DAMAGES—BREACH OF CONTRACT—BURDEN OF PROOF—PREPONDERANCE OF EVIDENCE.

A party in order to be entitled to damages in a contract case has the burden to show by a preponderance of the evidence that the breach of contract caused him ascertainable damages; therefore, a trial court properly denied damages to an airport restaurant which alleged that its revenues declined after the airport instituted paid parking in violation of a lease agreement providing for free parking where the only testimony that might establish the causal link between the loss of revenue and new parking policy was given by the restaurant's president and was unverified and consequently self-serving, and the trial court acknowledged that the loss of revenue could as easily be attributed to a recognized decline of the amount of air travel or remodeling of the airport or a myriad of other factors rather than paid parking.

Appeal from Genesee, John W. Baker, J. Submitted Division 2 March 7, 1973, at Lansing. (Docket No. 14312.) Decided May 24, 1973.

Complaint by Wheelmakers, Inc., against the City of Flint, the Flint Airport Commission, and Midwestern General Contractors for breach of a lease agreement and for lost profits. Complaint against Midwestern dismissed by stipulation. Judg-

ment in part for plaintiff and in part for defendants. Defendant Flint Airport Commission appeals. Plaintiff cross-appeals. Affirmed.

*Neithercut & Neithercut* (by *James C. Dillard),* for plaintiff.

*Patrick H. Hynes,* City Attorney, for defendant Flint Airport Commission.

Before: DANHOF, P. J., and HOLBROOK and BASHARA, JJ.

HOLBROOK, J. On July 8, 1963, plaintiff Wheelmakers' corporate predecessor entered into a lease agreement with the City of Flint to lease space at the Bishop Airport terminal building in order to operate a restaurant and lounge. The original lease was subsequently terminated and the present lease agreement was entered into on March 1, 1965. The lease contains two clauses over which the parties are in dispute. Both clauses were in the 1963 and 1965 leases.

Clause 5 is an exclusive service clause which reads:

"Exclusive Service. The City hereby covenants and agrees that it will not grant permission for the operation at Bishop Airport of a restaurant or establishment for the sale, at retail, of beer, wine and spirits for consumption on the premises, to any person, firm or corporation other than the Lessee under this agreement. It is herewith specified that the right to which the Lessee is entitled under this lease shall be exclusive except under the following special circumstances:

"A. The City may grant to persons other than the Lessee, permission to sell at retail food and refreshments, provided that such permission is granted in accordance with the following terms and conditions:

"(1) The permission shall be granted only to organizations of a charitable or civic character.

"(2) The permission shall be granted no more than four times during each year and shall only be granted incident to principal events sponsored or conducted by organizations of charitable or civic character.

"(3) In the event food and refreshment are to be sold, prepared or furnished by a commercial organization during such events, the Lessee shall have the right to bid on a competitive basis for the right to furnish said food and refreshments. The City shall set forth this right of the Lessee in any agreement which it enters into regarding these events, and it shall be further provided that Lessee shall, under no circumstances, be denied a contract award if he submits the lowest bid in accordance with the specifications.

"(4) In the event food and refreshments are to be sold or furnished by a commercial organization and the Lessee does not chose *[sic]* to exercise its right to bid competitively as above set forth, the Lessee shall have the right to furnish advise *[sic]* and information concerning the preparation of specifications and the granting of the contract. Such advice shall not be binding but shall be entitled to full and bona fide consideration. This right of Lessee shall be set forth in any agreement which the City enters into regarding the events hereinbefore contemplated."

The interpretation of this clause is in dispute because in the fall of 1971, the Bishop Airport Commission, an organization charged by charter amendment with running the airport, ordered the plaintiff to remove four vending machines from the terminal building, and then subsequent to their removal installed vending machines of its own. Plaintiff claims that the vending machines violate the lease's exclusive service clause because they dispense food and drink.

Clause 9 of the lease gave plaintiff access to all other airport facilities:

"Other facilities. Other facilities which are available to and apply to all other users and occupants of the Airport, including the Terminal Building, shall be available to the Lessee in common with other users and occupants.

"These facilities shall include parking space assigned to the Terminal Building for the use of the general public."

In the summer of 1969 pursuant to an amendment of the city ordinance regulating the airport, the parking lot was fenced in and all users of the lot had to begin to pay to park. Plaintiff claims that the institution of a pay-parking system breached Clause 9 of the lease, and caused its restaurant business serious financial losses.

The trial court decided that the airport commission could not operate food dispensing vending machines in the airport terminal or institute pay parking with respect to plaintiff's customers without violating the lease. The trial court found, however, that any money damages for lost profits claimed by plaintiff because of the lease breach were too speculative to be awarded. The trial court also ordered the commission to halt its sales of food and drink from vending machines in the terminal, that plaintiff be authorized to stamp its patrons' parking tickets to allow them up to three hours free parking, and that an accounting of profits from the improper vending machine sales be made to plaintiff by the commission. From that judgment defendants appeal, and plaintiff cross appeals the denial of its request for damages.

As to defendants' appeal, first the claim is made that, with regard to free parking, Clause 9 clearly provides plaintiff's patrons parking on the same basis as the general public, and nowhere gives plaintiff a right to be free from any restriction

placed on the general public. Defendants further claim that since the language of Clause 9 is so explicit and clear it was error to allow the admission over defendants' objection of parol evidence submitted via the testimony of the former Flint city manager and city mayor. These two officials testified that the lessee was not told in 1963 that the city was contemplating paid parking, that a decision was made at that time not to initiate paid parking in order to encourage broader use of the airport facilities, and that an area had previously been set aside in the parking lot for restaurant patrons. After the start of paid parking the lessee refused a compromise offer to give its patrons a reduced parking rate. The parol evidence rule dictates that parties who contract in writing are conclusively presumed to have intended what they have written, as their complete agreement, so that they may not offer parol testimony to *vary* or *contradict* their writing, or substitute new or different terms. *Komraus Plumbing v Cadillac Sands,* 387 Mich 285 (1972). Leases are also subject to the parol evidence rule. *Lynder v S S Kresge Co,* 329 Mich 359, 369 (1951). Parol which does not vary or contradict the unambiguous terms of a written instrument is admissible. *Michigan Bank v Kahlich, Inc,* 23 Mich App 483 (1970). Whether Clause 9 is so unambiguous as to prohibit the admission of parol to interpret it was a question obviously decided in favor of the plaintiff by the trial judge, a ruling which we do not find clearly erroneous and therefore must affirm. GCR 1963, 810. Parking rights are reserved in Clause 9 to the lessee "in common with other [terminal] users and occupants" in spaces assigned "for the use of the general public". What kind of use contemplated, *free or otherwise,* is not mentioned. We believe use of parol evidence was a permissible aid to the

court under these circumstances, and that based on the parol thus received the court could justifiably conclude that at the time of the lease the parties contemplated that free parking would be available for plaintiff's patrons. That the parties intended that there be free parking is a particularly reasonable conclusion in light of the fact that numerous prior lessees had a very difficult time establishing a successful restaurant business within the terminal. While it certainly may have been wiser business practice to expressly state whether free parking was to be guaranteed or not in the lease, we do not deem Clause 9 so clear on this point as to prohibit plaintiff from showing that free parking was in fact contemplated. Nor do we agree with defendants' position that the trial judge's solution to the parking problem, allowing plaintiff's patrons three hours of free parking with a validated stamp as proof of their patronage, is an amendment of the contract. Rather, the court was merely seeking a means by which bona fide customers of plaintiff could be separated from other airport users who would be obliged to pay the parking fees.

Defendants' other claim is that the lease's exclusive service clause does not prevent it from setting up its own food and drink dispensing vending machines in the terminal in competition with plaintiff's business. Plaintiff does not claim that it has a right to install and service vending machines outside of the space leased to it, but only that the defendants are precluded from doing so. Again defendants object to the admission of parol evidence by the testimony of the former mayor and city manager of Flint. The two testified as to the numerous business failures of plaintiff's predecessors in the restaurant business at the airport, and

plaintiff's president testified that it was for exactly this reason that the exclusive service clause was sought and included. Since we, like the trial judge, do not see how this testimony could vary or contradict the terms of the contract, we find no violation of the parol evidence rule here. *Komraus Plumbing, supra.* Clause 5 is obviously not very clear. In its first paragraph it gives plaintiff the exclusive right to operate a "restaurant or establishment for the sale, at retail, of beer, wine and spirits for consumption on the premises". Defendants argue this paragraph conveys to plaintiff the exclusive right to operate a restaurant that *only* sells beer, wine and spirits. To the contrary paragraphs 5A(1)–(4) seem to prohibit food and refreshments sales by others than the plaintiff except at certain specified times. The ambiguity between the first paragraph of Clause 5 and paragraphs 5A(1)–(4) is obvious, and parol evidence could be properly admitted to clear it up. We see no error, furthermore, in the trial judge's decision that the exclusive service clause, once extended to food and drink, would prohibit the city from operating vending machines that sold the same in competition with plaintiff. While Clause 5, first paragraph, expressly prohibits the establishment by the City of Flint of any "restaurant" in competition with plaintiff, it seems clear to us that Clause 5 when read as a whole was meant to prohibit the sale in any manner of food and drink in competition with plaintiff. Moreover, we concur with the trial judge's opinion that the term restaurant has no fixed meaning, and "is used indiscriminately for all places where refreshments can be had". *Richards v Washington Fire & Marine Ins Co,* 60 Mich 420 (1886). For cases from other jurisdictions deciding what constitutes a restaurant, see 122 ALR 1399. We are not unmindful of the fact that vend-

ing machines are no longer only capable of dispensing bubble gum, candy and cigarettes. Indeed, they now are capable of dispensing hot soup, sandwiches, all sorts of beverages and anything else a person with a hunger and a pocketful of change could ever desire. An adequate number of vending machines strategically placed and offering a sufficient choice of foods and beverages could very well compete with plaintiff for the restaurant business of airport transients, in violation of the exclusive service clause of plaintiff's lease. We agree, therefore, with the trial court's ruling as to the City of Flint's operation of vending machines.

Plaintiff on cross appeal objects to the trial court's ruling that plaintiff's acknowledged decline in revenues since the institution of paid parking is not directly attributable to the new parking policy, and therefore damages may not be awarded in the amount of the revenue decreases. The trial court in its opinion noted that the only testimony that might establish the causal link between the loss of revenue and new parking policy was given by plaintiff's president and was unverified and consequently self-serving. After acknowledging that the loss of revenue coincidental to the new parking policy could as easily be attributed to a recognized decline of the amount of air travel or remodeling of the airport or a myriad of other factors rather than paid parking, the trial court declined to award any damages. We cannot say that the trial court's ruling was clearly erroneous and therefore must affirm. GCR 1963, 810. To be entitled to damages a party has the burden to show that the breach of contract caused him ascertainable dam-

ages by a preponderance of the evidence. *Ben Agree Co v Sorenson-Gross Co,* 365 Mich 185 (1961).

Affirmed. No costs, neither party prevailing fully.

All concurred.