JEROME v CRIME VICTIMS COMPENSATION BOARD

Docket No. 70310. Decided June 29, 1984. On application by the plaintiff for leave to appeal, the Supreme Court, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and the order of the Crime Victims Compensation Board and remanded the case to the board for further proceedings.

Richard K. Jerome submitted a claim to the Crime Victims Compensation Board for reimbursement of the cost of funeral expenses, an ambulance fee, child care, and housekeeping that resulted from the murder of his wife. The board awarded compensation for the funeral expenses and the ambulance fee, but denied compensation for child care and housekeeping expenses. The Court of Appeals, Allen, P.J., and Cynar and Martin, JJ., affirmed (Docket No. 60168). The plaintiff applies for leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held:*

Expenses incurred by the plaintiff for child care and housekeeping as a result of the murder of his wife are not compensable as out-of-pocket expenses under the crime victims compensation act. Out-of-pocket loss which is compensable includes indebtedness reasonably incurred for medical or other services necessary as a result of an injury. The phrase "other services" does not refer to future expenses such as child care and housekeeping. Such expenses are compensable, however, as loss of support contributed by the murdered wife to the family. As a direct result of the murder, the plaintiff was required to pay for replacement services, and may be reimbursed if he is otherwise eligible.

Vacated and remanded.

119 Mich App 648; 326 NW2d 593 (1982) vacated.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Janet M. Tooley)* for the plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J.*

*Caruso,* Solicitor General, and *Donald E. Erickson,* Assistant Attorney General, for the defendant.

PER CURIAM. The issue in this case is whether the surviving spouse of a deceased crime victim is entitled under the crime victims compensation act, MCL 18.351 *et seq.;* MSA 3.372(1) *et seq.,* to reimbursement for money spent to obtain child care and housekeeping services previously provided by the decedent, if the spouse otherwise qualifies. The plaintiff contends that he is entitled to recompense either as an out-of-pocket loss or as loss of support.

I

The plaintiff's wife, Dawn Jerome, was murdered in October of 1979. Survivors included her husband, plaintiff Richard K. Jerome, and two young daughters. Within the statutory time limit, the plaintiff submitted a claim of $5,720.18 to the Crime Victims Compensation Board. On August 6, 1980, the board awarded the plaintiff $1,578, which included a $78 ambulance fee and $1,500 for funeral expenses, the maximum allowable under the act at the time. The plaintiff accepted the partial award, but appealed the denial of his $2,-556 claim for child care and housekeeping expenses. On August 19, 1981, following a hearing on the matter, the board affirmed its decision.

The Court of Appeals granted leave to appeal in accordance with MCL 18.358; MSA 3.372(8), and affirmed the decision of the Crime Victims Compensation Board. 119 Mich App 648; 326 NW2d 593 (1982). Thereafter, the plaintiff applied to this Court for leave to appeal. The defendant board has filed a brief in opposition.

The plaintiff first claims that he is entitled to reimbursement for the child care and housekeep-

ing expenses as an out-of-pocket loss under MCL 18.361(1); MSA 3.372(11)(1). The defendant board and the Court of Appeals rejected this theory on the ground that the act reimburses as out-of-pocket losses only those expenses which arise from treatment or care of a victim and are a direct result of the crime. The plaintiff advanced in the Court of Appeals his alternative theory, *i.e.*, that he is entitled to reimbursement for child care and housekeeping expenses as a loss of support under MCL 18.361(2); MSA 3.372(11)(2). The court rejected that argument on the ground that loss of support means identifiable monetary support and not support in kind such as that furnished by an unemployed spouse.

## II

We deal first with the contention that child care and housekeeping expenses are reimbursable as an out-of-pocket loss. Under MCL 18.351(e); MSA 3.372(1)(e), an out-of-pocket loss is defined as

"the unreimbursed and unreimbursable expenses or indebtedness reasonably incurred for medical care, any nonmedical remedial treatment rendered in accordance with a recognized religious method of healing or *other services necessary as a result of the injury* upon which a claim is based."

The plaintiff hinges his argument on the "other services" language. Definitions, of course, are of little value in isolation. Thus, we look at the context in which an out-of-pocket loss is discussed. Paragraph 1 of § 11 provides that

"[a]n award made pursuant to this act shall be in an amount not more than an out-of-pocket loss, *including indebtedness reasonably incurred for medical or other*

*services necessary as a result of the injury* upon which the claim is based, together with loss of earnings or support resulting from the injury. The aggregate award under this act shall not exceed $15,000.00 per claimant." (Emphasis added.)

The plaintiff contends that "other services" is ambiguous in both sections quoted and, if construed liberally as remedial legislation must be, would include child care and housekeeping expenses since they were incurred only because of the death of his wife.

We disagree. We are unable to say that the Court of Appeals clearly erred in concluding that "other services" refers only to those expenses directly related to assisting recovery from personal injury and does not include such expenses as child care and housekeeping. As the board notes, although this is a remedial act, it is narrow in scope and offers relief otherwise not available from the state only as a last resort. For instance, even if a person filing a claim were otherwise entitled to reimbursement, it would not be forthcoming if the person could not demonstrate that failure to reimburse would result in a serious financial hardship. MCL 18.361(5); MSA 3.372(11)(5). Other provisions of the act are equally restrictive. Only crimes involving personal injury are covered, MCL 18.351(g); MSA 3.372(1)(g), and an award must be reduced by the amount covered by insurance, restitution, or other public funds. MCL 18.361(3); MSA 3.372(11)(3). Further, if one who is injured has contributed to the injury, the award also must be reduced or denied. MCL 18.361(4); MSA 3.372(11)(4).

We believe that the board's interpretation of the "other services" language as not referring to future expenses such as child care and housekeeping

services was a reasonable one. Our conclusion is bolstered by our interpretation of "support" below, which under § 12 of the act is compensable in periodic payments as opposed to the lump sum payment for out-of-pocket expenditures.[1]

### III

As an alternative theory of recovery, the plaintiff argues that his expenditures for child care and housekeeping are reimbursable as loss of support under § 11. The Court of Appeals disagreed, reasoning as did the board that such expenses are not recoverable because "support" refers only to sums of money received on a regular basis for services performed. We decline to construe "loss of support" so narrowly. Paragraph 2 of § 11 provides that

"[a]n award made for loss of earnings or support, unless reduced pursuant to this act, shall be in an amount equal to the actual loss sustained. An award shall not exceed $100.00 for each week of lost earnings or support."

The plain language of the statute does not limit "support" to tangible monetary support as the Court of Appeals found. Rather, we are persuaded that "support" may include the very kind of services at issue in the instant case, *i.e.,* child care and housekeeping, and that money spent to replace such services is reimbursable to an eligible claimant who can prove the requisite need. Such an interpretation fulfills the legislative intent to

---

[1] MCL 18.362; MSA 3.372(12) provides, in pertinent part:

"The award shall be paid in a lump sum, except that in the case of death or protracted disability the board may specify that the award shall provide for periodic payments to compensate for loss of earnings or support."

aid the families of crime victims who suffer serious financial hardship as a result of the victim's death.

A review of similar statutes in other jurisdictions leads us to this same conclusion. The first state to adopt a crime victims' compensation statute was California in 1965. Almost 40 states now have such laws, which generally provide coverage for victims and their dependent survivors in cases of proven financial hardship.[2] Many states which provide for dependents of deceased victims do so in general terms, but others set out the specifics of coverage. For instance, the statutes in some states, including Minnesota, Ohio, and Oklahoma, define economic loss as including money spent for replacement services such as child care and housecleaning. The Wisconsin statute specifically provides that if the victim was a homemaker for the five years immediately preceding death, compensation should be in an amount sufficient to ensure replacement of the services the victim had provided up to the maximum limit.

Although the Michigan statute uses only the general term "support", we believe it is reasonable

[2] The state victim compensation statutes include: Alas Stat §§ 18.67.010-18.67.180; Cal Gov't Code §§ 13959-13974; Conn Gen Stat Ann §§ 54-201 to 54-218; Del Code Ann, tit 11, §§ 9001-9017; Fla Stat Ann §§ 960.01-960.28; Ga Code Ann §§ 47-518 to 47-526; Hawaii Rev Stat §§ 351-1 to 351-70; Ill Ann Stat, ch 70, §§ 71-90; Ind Code Ann §§ 16-7-3.6-1 to 16-7-3.6-20; Kan Stat Ann §§ 74.7301 to 74-7318; Ky Rev Stat §§ 346.010-346.190; Md Ann Code, art 26A, §§ 1-17; Mass Gen Laws Ann, ch 258A, §§ 1-8; Minn Stat Ann §§ 299B.01-299B.17; Mo Ann Stat §§ 595.010-595.070; Mont Code Ann §§ 53-9-101 to 53-9-133; Neb Rev Stat §§ 81-1801 to 81-1848; Nev Rev Stat §§ 217.010-217.350; NJ Stat Ann §§ 52:4B-1 to 52:4B-25; NM Stat Ann § 31-17-1; NY Exec Law §§ 620-635 (McKinney); ND Cent Code §§ 65-13-01 to 65-13-20; Ohio Rev Code Ann §§ 2743.51-2743.72; Okla Stat Ann, tit 21, §§ 142.1-142.18; Or Rev Stat §§ 147.005-147.365; Pa Stat Ann, tit 71, §§ 180-7 to 180-7.18 (Purdon); RI Gen Laws §§ 12-25.1-1 to 12-25.1-12; Tenn Code Ann §§ 29-13-101 to 29-13-208; Tex Rev Civ Stat Ann, art 8309-1, §§ 1-18; Va Code §§ 19.2-368.1 to 19.2-378.18; Wash Rev Code Ann §§ 7.68.010-7.68.915; W Va Code §§ 14-2A-1 to 14-2A-27; Wis Stat Ann §§ 949.001-949.18.

and appropriate to construe the statute to cover the type of services at issue in the instant case. Prior to her death, Dawn Jerome contributed to the support of her family by providing valuable services which included, *inter alia,* child care and housekeeping. As a direct result of her murder, her widower was required to expend money which otherwise was available for other family needs to secure these same services. We will not read "loss of support" so narrowly as to exclude reimbursement for these replacement services to a surviving spouse who otherwise is eligible.

Accordingly, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we vacate the judgment of the Court of Appeals and the order of the Crime Victims Compensation Board and remand the case to the Crime Victims Compensation Board for further proceedings consistent with this opinion.

WILLIAMS, C.J., and KAVANAGH, LEVIN, RYAN, BRICKLEY, CAVANAGH, and BOYLE, JJ., concurred.