R & T SHEET METAL, INC v HOSPITALITY MOTOR INNS, INC

Docket No. 71496. Submitted June 7, 1984, at Lansing.—Decided November 20, 1984. Leave to appeal applied for.

Hospitality Motor Inns, Inc. (now Harley Hotels, Inc.), contracted for Russo Ornamental Iron Products to provide all labor, materials, equipment and supervision for installation of metal work at five Hospitality Motor Inns under construction, including one in Lansing, Michigan. Russo subcontracted the work to R & T Sheet Metal, Inc. On May 6, 1978, R & T Sheet Metal, Inc., delivered the necessary materials to the Lansing construction site. On June 5, R & T Sheet Metal, Inc., commenced work at the Lansing site and completed its work on August 15, 1978. On August 29, 1978, R & T Sheet Metal, Inc., served a notice of intention to claim a mechanics' lien with respect to Lansing site work upon Hospitality Motor Inns, Inc. When R & T Sheet Metal, Inc., was not paid in full by Russo for its Lansing site work, it commenced in Ingham Circuit Court an action to foreclose the Lansing site mechanics' lien, naming Hospitality and Russo as defendants. Hospitality argued that the notice of intention to claim a mechanics' lien was not timely served in that it was served more than 90 days after the materials had been delivered. Both plaintiff and defendant Hospitality filed motions for summary judgment. The trial court, James R. Giddings, J., denied defendant Hospitality's motion and granted summary judgment in favor of plaintiff as to liability only, holding that the 90-day period of limitation contained in the mechanics' lien statute commenced to run when the materials were incorporated into the structure and that, accordingly, the notice was timely served. The court, thereafter, based upon the trial testimony of plaintiff's president, determined that the

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 73 Am Jur 2d, Statutes §§ 145, 146, 194, 195.
[2] 73 Am Jur 2d, Statutes §§ 155-158.
[3] 73 Am Jur 2d, Statutes §§ 206, 250, 254.
[4] 53 Am Jur 2d, Mechanics' Liens § 23.
[5] 53 Am Jur 2d, Mechanics' Liens §§ 191, 192, 209.
[6] 5 Am Jur 2d, Appeal and Error § 839.
[7] 53 Am Jur 2d, Mechanics' Lien § 397.

amount due on the Lansing project for labor was $15,389.43 and entered a judgment in favor of plaintiff in that amount. Defendant Hospitality appealed. *Held:*

1. Plaintiff's claim was for unpaid labor at the Lansing project, it having already been paid for the materials which it had earlier fabricated and delivered to the Lansing work site. Where a claim is for unpaid labor, the mechanics' lien statute provides that the 90-day limitation period shall commence to run on the first day the labor is performed. Since the notice of the intent to file a mechanics' lien was served within 90 days after performing the first of the labor at the Lansing site, the notice was timely. The trial court reached the right result, although for the wrong reason.

2. While various documents filed in the case contained different claims as to the amount owed, the trial court did not err in accepting the trial testimony as to the amount owed, since the bases for the errors in the other claimed amounts were easily explained. The fact that there were these other erroneous claims does not make the final trial testimony figure so uncertain as to render plaintiff's action unenforceable.

Affirmed.

1. APPEAL — JUDICIAL CONSTRUCTION — RULES OF CONSTRUCTION.

The Court of Appeals is governed by traditional rules of statutory construction; if a statute is unambiguous on its face, further interpretation or construction will be avoided, but where ambiguity exists, it is the duty of the court to give effect to the legislative intent upon enactment.

2. STATUTES — AMBIGUOUS STATUTES — JUDICIAL CONSTRUCTION.

A court, in resolving a perceived ambiguity in a statute, should look to the object of the statute and the evil or mischief which it is designed to remedy and apply a reasonable construction of the statute which best accomplishes its purpose.

3. STATUTES — AMBIGUOUS STATUTES — JUDICIAL CONSTRUCTION.

Ambiguous statutes are interpreted by a court as a whole and construed so as to give effect to each provision and to produce an harmonious and consistent result, and specific words in a statute are assigned their ordinary meaning unless a different interpretation is indicated (MCL 8.3a; MSA 2.212[1]).

4. MECHANICS' LIENS — JUDICIAL CONSTRUCTION — REMEDIAL STATUTE.

The mechanics' liens act is a remedial statute intended to benefit and protect subcontractors, materialmen, and laborers and

should be construed liberally in order to carry out the intent of the Legislature (MCL 570.27; MSA 26.307).

5. MECHANICS' LIENS — NOTICE OF LIEN — PERIOD OF LIMITATION.

A notice of a mechanics' lien based upon labor performed by a subcontractor is timely served if given within 90 days after performing the first of such labor, notwithstanding that the subcontractor may have supplied materials at some earlier date (MCL 570.1; MSA 26.281).

6. APPEAL — COURTS — FINDINGS OF FACT.

Findings of fact by the trial court will not be set aside on appeal unless clearly erroneous.

7. MECHANICS' LIENS — EVIDENCE — BURDEN OF PROOF.

A party seeking to enforce a mechanics' lien claim must prove, by a preponderance of the evidence and with reasonable certainty, the amount claimed to be owing; a party making such a claim, however, is not required to produce invoices to establish the amount claimed to be owing.

*Fitzgerald, Hodgman, Kazul, Rutledge, Cawthorne & King, P.C.* (by *Robert L. Ferriby, Jr.*), for plaintiff.

*Fraser, Trebilcock, Davis & Foster, P.C.* (by *Douglas J. Austin*), for defendant.

Before: GRIBBS, P.J., and BRONSON and SHEPHERD, JJ.

PER CURIAM. Defendant Hospitality Motor Inns, Inc. (now Harley Hotels, Inc.), appeals as of right from an order of summary judgment holding that plaintiff's notice of intention to claim mechanics' lien was timely served and from a judgment in favor of plaintiff in the amount of $15,389.43 due under the lien.

In August, 1977, Hospitality Motor Inns, Inc., contracted for Russo Ornamental Iron Products, Inc., to provide all labor, materials, equipment and supervision for the installation of metal work at five Hospitality Motor Inns under construction,

including one in Lansing, Michigan. On September 27, 1977, Russo subcontracted the work to plaintiff, R & T Sheet Metal, Inc.

On May 6, 1978, plaintiff delivered the necessary materials to the Lansing construction site for work to be done by plaintiff at a later date. Plaintiff commenced work at the Lansing site on June 5, 1978, and completed the project on or around August 15, 1978. Plaintiff filed a notice of intention to claim lien upon defendant on August 29, 1978.

Plaintiff and defendant brought cross-motions for summary judgment on the issue of whether plaintiff's notice of intention to claim lien was timely served. The trial court granted summary judgment to plaintiff, holding that the notice was timely served and reserving the question of the amount of damages owed. Trial was subsequently held on the question of damages. The court found for plaintiff in the amount of $15,389.43.

I

Defendant first argues that the trial court incorrectly held that plaintiff's notice of intention to claim lien was timely served.

The mechanics' lien statute, MCL 570.1; MSA 26.281,[1] states in pertinent part:

"[A]nd every person who shall be subcontractor, * * * perform any labor or furnish materials * * * to such original or principal contractor * * * in carrying forward or completing any such contract, shall have a lien therefore upon such * * * building * * *: Provided, That any person, firm or corporation furnishing materials or performing labor of any kind entering into the construction of any such building * * * shall within 90

[1] This statute was repealed and reenacted by 1980 PA 497, § 303, effective March 1, 1982.

days after furnishing the first of such material or performing the first of such labor * * * serve on the owner * * * or his agent * * * a written notice * * * as will inform the owner * * * that such person, firm or corporation furnishing materials or performing labor will claim a lien upon such premises for any amounts unpaid for such materials so furnished or labor performed * * *."

The trial court found that the 90-day notice limitation period began to run when the materials were first incorporated into the building, not when they were first delivered to the job site, and, therefore, plaintiff's notice was timely served. We affirm the trial court's ruling that plaintiff's notice was timely. The grounds for our decision, however, are different than those relied upon by the trial court.

The issue here is one of statutory construction. The notice provision in MCL 570.1; MSA 26.281 states that the notice of intent to claim lien shall be given "within 90 days after furnishing the first of such materials *or* performing the first of such labor". (Emphasis added.) In construing this statutory provision, we are governed by traditional rules of construction:

"[I]f the statute is unambiguous on its face, we will avoid further interpretation or construction of its terms. *Detroit v Redford Twp,* 253 Mich 453; 235 NW 217 (1931). However, if ambiguity exists, it is our duty to give effect to the intention of the Legislature in enacting the statute. *Melia v Employment Security Comm,* 346 Mich 544; 78 NW2d 273 (1956). To resolve a perceived ambiguity, a court will look to the object of the statute, the evil or mischief which it is designed to remedy, and will apply a reasonable construction which best accomplishes the statute's purpose. *Bennetts v State Employees Retirement Board,* 95 Mich App 616; 291 NW2d 147 (1980), *Stover v Retirement Board of St Clair Shores,* 78 Mich App 409; 260 NW2d 112 (1977). Also, ambiguous statutes will be interpreted as a whole

and construed so as to give effect to each provision and to produce an harmonious and consistent result. *In re Petition of State Highway Comm,* 383 Mich 709; 178 NW2d 923 (1970), *People v Miller,* 78 Mich App 336; 259 NW2d 877 (1977). Further, specific words in a given statute will be assigned their ordinary meaning unless a different interpretation is indicated. *Oshtemo Twp v Kalamazoo,* 77 Mich App 33, 39; 257 NW2d 260 (1977), MCL 8.3a; MSA 2.212(1)." *Pittsfield Twp v City of Saline,* 103 Mich App 99, 104-105; 302 NW2d 608 (1981).

Section 27 of the mechanics' lien act declares that the act is a remedial statute intended to benefit and protect subcontractors, materialmen, and laborers and should be construed liberally in order to carry out the intent of the Legislature. MCL 570.27; MSA 26.307. *Georgia-Pacific Corp v Central Park North Co,* 394 Mich 59, 66; 228 NW2d 380 (1975).

The disjunctive "or" recognizes two distinct events which trigger the 90-day limitations period, depending on whether the lien is being claimed for materials or labor. Plaintiff's claim herein is for labor performed. All parties agree that plaintiff had been paid for the materials and their fabrication prior to delivery of the materials to the various job sites. Therefore, upon delivery of the materials to the job sites, plaintiff was not entitled to claim a lien and had absolutely no reason to do so. It was only after plaintiff had completed labor on four of the jobs, and had not been paid for the labor performed on the fifth (Lansing) job site, that plaintiff could and did file a lien claim. To hold, as defendant urges, that plaintiff is precluded from claiming a lien because it did not file notice at a time when it had no right or reason to do so is illogical and violates the act's remedial purpose.

Plaintiff's lien is claimed solely for labor performed. Since notice was served within 90 days

after "performing the first of such labor", the notice was timely served.

## II

It was undisputed that plaintiff fully performed its contract for the fabrication, production and installation of certain materials at the Lansing construction site. The trial court found that the amount owed to plaintiff was $15,389.43. Defendant claims that insufficient evidence was introduced to establish the amount owed with reasonable certainty. This Court will not set aside the trial court's finding unless it was clearly erroneous. *Detroit Independent Sprinkler Co v Plywood Products Corp,* 311 Mich 226, 230; 18 NW2d 387 (1945); *Loranger v Citizens Mutual Ins Co,* 100 Mich App 681, 684; 300 NW2d 369 (1980).

Plaintiff was required to prove by a preponderance of the evidence the sum claimed owing to a reasonable certainty. *Wheelmakers, Inc v Flint,* 47 Mich App 434, 442-443; 209 NW2d 444 (1973). Richard Pizem, president of R & T Sheet Metal, testified that he was responsible for reviewing all billings and accounts receivable of plaintiff. The amount due plaintiff was $15,389.43 for field labor performed on the Lansing project. Pizem arrived at this figure by deducting the cost of fabrication and the cost of materials from the undisputed contract price of $21,491. The cost of materials and fabrication were paid to plaintiff in March, 1978, when fabrication for all five projects was completed.

Contrary to defendant's assertion, plaintiff was not required to produce the invoices to establish the amount owing.

"The best evidence rule is not applicable to require

the introduction of books of account and to exclude parol testimony as to the contents thereof where a witness has independent knowledge of the facts stated therein. Insofar as no attempt is made to prove the contents of books of account but to show certain facts independent thereof, such books are not necessarily the only evidence nor the best evidence of the facts, but a party may make out his case as to such facts by the testimony of a witness." 29 Am Jur 2d, Evidence, § 475, p 533. See also *New Jersey Title Guarantee & Trust Co v McGrath,* 239 Mich 404, 408; 214 NW 195 (1927).

Once evidence of the amount of indebtedness was offered, the burden was on defendant to establish a defense of payment. *Slater v Christenson,* 226 Mich 621, 623; 198 NW 224 (1924). Defendant offered no evidence to rebut plaintiff's claim. Instead, defendant attempted to show that plaintiff had previously claimed four different amounts owing. Plaintiff's cost sheet, original complaint and the lien account statement stated the amount owing as $21,490. The ledger sheet indicated that $18,094 was owing. The sworn affidavit by Pizem indicated that $15,843.26 was due, and Pizem's trial testimony stated that $15,389.43 was due and owing.

The trial court based its judgment of $15,389.43 on the uncontroverted testimony of Pizem that all materials had been paid for, but no payment for labor was received. The court found that the $21,-490 figure was not inconsistent as it reflected the undisputed total contract price without subtracting the amounts previously paid by defendant. Furthermore, the ledger sheet failed to note all previous payments, and a clerical error was the cause of the inconsistency between the earlier sworn affidavit and Pizem's trial testimony. The court's finding that plaintiff established the amount due with reasonable certainty was not clearly erroneous.

Finally, defendant argues that the trial court erroneously relied on an admission by Richard Colwell, defendant's employee, that plaintiff was owed for labor on the Lansing project. We disagree. The trial court did not rely on Colwell's admission to set the figure of the amount owed, but only considered the evidence as an admission by defendant that plaintiff was not paid for labor performed. The court's findings with reference to the amount due were properly based on the evidence introduced by plaintiff.

Affirmed.