FORTUNE v CRIME VICTIMS COMPENSATION BOARD

Docket No. 95915. Submitted January 13, 1988, at Lansing. Decided July 5, 1988.

Danny W. Fortune was murdered. His wife, Mariana Fortune, thereafter filed an application for compensation with the Crime Victims Compensation Board. The board awarded the claimant $6,700 for funeral expenses and loss of support. The claimant then filed an appeal requesting a hearing before the board on behalf of the decedent's two minor children who, according to claimant, received no consideration in the award. The board determined that the crime victims compensation act provided that a maximum of $15,000 be paid per incident of criminal activity. The board denied the claimant's application for multiple awards for loss of support, however, the board awarded additional benefits of $8,300, bringing the total award to $15,000. Mariana Fortune appealed to the Court of Appeals by leave granted.

The Court of Appeals *held:*

The board properly interpreted the crime victims compensation act as providing that only one award should issue under the act and that the award is capped at $15,000. A 1985 amendment to the act merely sought to clarify that the maximum compensation allowed arising out of the death of one individual is $15,000.

Affirmed.

WAHLS, J., dissented. It is his belief that the board erred in limiting claimant and her two minor children to an aggregate award of $15,000. He believes that the act is ambiguous and that the term "claimant" as used in the act is intended to encompass all persons entitled to file a claim and receive benefits. He would apply to each individual claimant an aggregate award maximum of $15,000. He would reverse and remand for a calculation of benefits due to claimant and her two minor children.

REFERENCES

Am Jur 2d, Administrative Law §§ 233 *et seq.*

Am Jur 2d, Criminal Law §§ 1051 *et seq.*

Statutes providing for governmental compensation for victims of crime. 20 ALR4th 63.

1. Statutes — Administrative Law — Statutory Construction.

The construction of a statute by those charged with the duty to interpret it should be accorded some deference and not be overturned without cogent reasons.

2. Criminal Law — Crime Victims Compensation Act — Awards — Maximum Awards.

Only one award should issue under the crime victims compensation act in regard to claims arising from an incident of criminal activity; $15,000 is the maximum award permitted under the act for each incident of criminal activity (MCL 18.351 *et seq.*; MSA 3.372[1] *et seq.*).

*Seeligson, Jordan & Ianni* (by *David A. Woelkers*), for claimant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Patrick J. O'Brien,* Assistant Attorney General, for respondent.

Before: Shepherd, P.J., and Wahls and G. B. Ford,* JJ.

Shepherd, P.J. Claimant appeals from a September 15, 1986, opinion and order of the Crime Victims Compensation Board denying claimant's claim for multiple benefits under the crime victim compensation act, MCL 18.351 *et seq.*; MSA 3.372(1) *et seq.* We granted leave to appeal.

Claimant is the widow of Danny W. Fortune, who was murdered in Detroit on August 8, 1985. Claimant was pregnant at the time of her husband's death and had one minor child, Trent, age two. Danny Fortune had a salary of approximately $50,000 per year and was the sole means of support for his spouse and minor child.

On October 7, 1985, claimant filed a timely application for compensation with the board. On the basis of the papers filed in support of the claim

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

and investigation reports, the board determined that claimant was properly entitled to benefits under the act. On March 24, 1986, claimant was awarded $6,700 which represented compensation for funeral expenses and loss of support.

On April 17, 1986, claimant filed an appeal requesting a hearing before the board on behalf of the decedent's two minor children, who, according to claimant, received no consideration in the award. Claimant claimed a ceiling of $15,000 "per claimant," or a total of $45,000, was appropriate as to her and the two minor children. On July 16, 1986, the board held an evidentiary hearing with regard to the maximum, aggregate award authorized by the act. The board first determined that 1976 PA 223 was applicable in this case and that amendments made in 1985 would not be applied. Under the applicable law, the board determined that the Legislature intended that no more than $15,000 be paid per incident of criminal activity. The board denied claimant's application for multiple awards for loss of support, however, the board awarded additional benefits of $8,300, bringing the total award to the maximum of $15,000. On March 31, 1987, we granted claimant leave to appeal.

The purpose of the act, 1976 PA 223, MCL 18.351 *et seq.*; MSA 3.372(1) *et seq.* (since amended, 1985 PA 157), is to provide compensation to certain victims of crimes. Pertinent to the present case are the following sections of 1976 PA 223:

Sec. 1. As used in this act:

(b) "Claimant" means a victim or intervenor who is a resident of this state and who files a claim pursuant to this act.

(d) "Intervenor" means a person who goes to the aid of one who has become a victim of a crime and who suffers personal injury.

(g) "Victim" means a person who suffers a personal physical injury as a direct result of a crime.

Sec. 4. (1) Except as provided in subsection (2), the following persons are eligible for awards:

(a) A victim or an intervenor of a crime.

(b) A surviving spouse, parent, or child of a victim of a crime who died as a direct result of the crime.

(c) Any other person dependent for his principal support upon a victim of a crime who died as a direct result of the crime.

Sec. 6. (1) When accepted for filing, a claim shall be assigned by the chairman to a member of the board. All claims which arise from the death of an individual as a direct result of a crime shall be considered together by the same board member.

Sec. 11. (1) An award made pursuant to this act shall be in an amount not more than an out-of-pocket loss, including indebtedness reasonably incurred for medical or other services necessary as a result of the injury upon which the claim is based, together with loss of earnings or support resulting from the injury. The aggregate award under this act shall not exceed $15,000.00 per claimant.

Claimant argues that the Legislature intended in 1976 PA 223 to allow multiple claims with a maximum of "$15,000 per claimant." In this case that would result in a maximum award of $15,000 per survivor, or $45,000 in aggregate. Claimant relies on certain claimed ambiguities in the statute and the use of the term "claimant" in decisions of Michigan's appellate courts in reference to dependents filing claims under the act to support her claim that the Legislature intended to allow multiple claims and limit awards to $15,000 per claimant.

If we carefully parse the statute, it admits of

certain ambiguities because its provision under § 4 indicates that those eligible for an award include the spouse, child of a victim, or dependent but without any language limiting the number of claims or whether all claims are limited by an aggregate amount. There is no specific language limiting an award to $15,000 *per occurrence.* Nor is there any specific language indicating an award can only be made to a "claimant" as defined in the statute as a "victim or intervenor." Nor is § 6, requiring all claims to be heard by one board member, relied on by the board in this case, decisive on the maximum aggregate amount issue.

On the other hand, the term "aggregate" in § 11 combined with § 6 seems to imply that only one award should issue under the act and that the award is capped at $15,000. Furthermore, the board asserts in its appeal brief that it has adhered to this interpretation since the inception of the act. Generally, the construction of a statute by those charged with the duty to interpret it should be accorded some deference and not be overturned without cogent reasons. See *Oakland Schools Bd of Ed v Superintendent of Public Instruction,* 401 Mich 37, 41; 257 NW2d 73 (1977); *Magreta v Ambassador Steel Co (On Rehearing),* 380 Mich 513, 519; 158 NW2d 473 (1968).

In any event, apparently aware that the statute admitted of some ambiguity, the Legislature moved to clarify the statute. 1985 PA 157. Pertinent to our purposes are the changes made in the following sections:

Sec. 1. As used in this act:
(b) "Claimant" means a victim or intervenor who is injured in this state, or any other person eligible for an award pursuant to section 4(1), who files a claim pursuant to this act.

Sec. 6. (1) When a claim is accepted for filing, an investigation and examination shall be conducted to determine the validity of the claim.

The investigation shall include an examination of papers filed in support of the claim, official records and reports concerning the crime, and an examination of medical and hospital reports relating to the injury upon which the claim is based. All claims which arise from the death of an individual as a direct result of a crime shall be considered together, and the total compensation awarded for all claims which arise from the death of an individual shall not exceed the maximum aggregate award.

Thus, the Legislature expanded the definition of claimants and quite specifically set forth $15,000 as the maximum compensation allowed arising out of the death of one individual. We conclude that the Legislature sought merely to clarify the statute by this amendment. We find the board's interpretation under the act prior to the amendment to be in accord with the Legislature's intent.

Affirmed.

G. B. FORD, J., concurred.

WAHLS, J. *(dissenting)*. I must respectfully dissent. My reading of the crime victims compensation act, MCL 18.351 *et seq.*; MSA 3.372(1) *et seq.*, convinces me that the term "claimant" as used in the act is ambiguous and that, in view of the purpose of the Legislature in enacting the statute, it was intended that that term encompass all persons entitled to file a claim and receive benefits. Based on this conviction regarding Legislative intent, I conclude in this case that respondent, the Crime Victims Compensation Board, erred in limiting claimant and her minor children to an aggregate award of $15,000. Thus, I would reverse the

board and remand the case for a calculation of benefits due to claimant and to each of her two minor children, applying to each individual an aggregate award maximum of $15,000.

The facts in this case and the relevant statutory provisions are set forth in Judge SHEPHERD's majority opinion. In that opinion, especially emphasized are: § 1(b) of the act, which states that the term "claimant" means "a victim or intervenor"; § 6(1) of the act, which states that all claims which arise from the death of an individual must be considered together by the same member of the Crime Victims Compensation Board; and § 11(1) of the act, which states that an award made pursuant to the act shall not exceed $15,000 per claimant. Also emphasized is the fact that the Legislature's amendment of § 6(1) in 1985 PA 157 specifically provides that "the total compensation awarded for all claims which arise from the death of an individual shall not exceed the maximum aggregate award," which is $15,000.

It is true that § 1(b) of the act, at the time relevant in the present case, defined the term "claimant" as "a victim or intervenor who is a resident of this state and who files a claim pursuant to this act." Nevertheless, various other provisions in the act, notwithstanding this definition, employ the term "claimant" to encompass persons other than only a victim or intervenor. For example, § 4(3) provides that an award shall not be made on a claim unless the claimant has incurred an out-of-pocket loss of at least $100 or has lost at least two weeks earnings or support; § 5(2) provides that a claim must be filed by a claimant not later than thirty days after the occurrence of the crime or ninety days after the death of the victim; § 6(1) provides that all claims arising from the death of an individual must be considered by the

same board member; § 7(1) provides that a claimant may make a written request, after having received a board member's decision, to have the full board consider his or her claim; § 8(1) provides that a claimant may, by leave granted, commence an appeal in the Court of Appeals; § 9 provides that a board member may make an emergency award, not to exceed $500, to a claimant pending final decision in the case; and § 14 provides that acceptance of an award shall subrogate the state, to the extent of the award, to any right accruing "to the claimant or the victim" for the purpose of recovering the amount of the payments. Thus, it appears that the term "claimant," despite its definitional limitations in § 1(b), is used throughout the act to encompass those eligible to file a claim under the act, as well as merely the victim or an intervenor. I note that subsections 4(1)(b) and (c) specify that a surviving spouse, parent, child, or any other person dependent upon the victim for his or her principal support is eligible to file a claim under the act. This inconsistency in the act leads me to believe that the language of the act is ambiguous and therefore requires judicial interpretation.

If ambiguity exists in a statute, it is this Court's duty to give effect to the intent of the Legislature. In determining that intent, we will look to the object of the statute, i.e., to the evil or mischief which the statute was designed to remedy, making sure during such determination that the pertinent language is examined in context and that each provision thereof is construed to produce a result which is harmonious and consistent with the statute as a whole. *Action Auto, Inc v Anderson,* 165 Mich App 620-628; 419 NW2d 36 (1988). Specific words in a statute will be assigned their ordinary meaning, unless a different interpretation is indi-

cated. *R & T Sheet Metal, Inc v Hospitality Motor Inns, Inc*, 139 Mich App 249, 253-254; 361 NW2d 785 (1984), lv den 422 Mich 947 (1985).

In *Jerome v Crime Victims Compensation Bd*, 419 Mich 161, 164; 350 NW2d 239 (1984), the Supreme Court, noting that the crime victims compensation act is a remedial act and thus should be liberally construed, emphasized that it is also "narrow in scope," offering relief otherwise not available from the state only as a last resort. Nevertheless, the Court broadly construed the term "support" in § 11(2) of the act, holding that the Crime Victims Compensation Board and the Court of Appeals had erred in concluding that the phrase "loss of support" referred only to loss of monetary support. The Supreme Court found that " 'support' may include the very kind of services at issue in the instant case, i.e., child care and housekeeping . . . ," noting that "[s]uch an interpretation fulfills the legislative intent to aid the families of crime victims who suffer serious financial hardship as a result of the victim's death." 419 Mich 165-166. See also *McMillan v Crime Victims Compensation Bd*, 155 Mich App 358; 399 NW2d 515 (1986). In the present case, while mindful that the remedial statute at issue is "narrow in scope," I believe that such narrowness of scope alone cannot, and should not, result in an interpretation of the term "claimant" so restrictive as to impede or hinder the legislative intent to aid the families of crime victims who suffer serious financial hardship as a result of a victim's death. Had the Legislature intended to limit an award under the act to an aggregate amount of $15,000 per incident or per occurrence, it could have easily done so. This, it failed to do. Accordingly, in reading the various provisions of the crime victims compensation act together, and in attempting to interpret

the provisions at issue in this case in the context of the act as a whole and in a harmonious and consistent manner, I conclude that each individual claimant under the act—i.e., each individual eligible for an award under § 4(1)—is entitled to receive an aggregate award of up to $15,000, as specified in § 11(1).

Moreover, the Legislature's amendment to § 6(1) in 1985 PA 157, providing that "the total compensation awarded for all claims which arise from the death of an individual shall not exceed the maximum aggregate award," does not convince me that the preamendment language necessarily required that the maximum aggregate award of $15,000 constituted a limit on all claims arising in a single case and not, instead, on each individual claim. A statutory amendment is generally presumed to operate prospectively, unless the Legislature either expressly or impliedly indicates an intention for retroactivity or unless the amendment is remedial or procedural in nature. *Allstate Ins Co v Faulhaber,* 157 Mich App 164, 166-167; 403 NW2d 527 (1987); *Sommerville v Sommerville,* 164 Mich App 681, 687-688; 417 NW2d 574 (1987). In the present case, the amendment makes a material alteration in the statute by limiting the substantive—not merely the procedural—rights of claimant and her minor children. Any material change in the language of an original act is presumed to indicate a change in legal rights. *Sam v Balardo,* 411 Mich 405, 431; 308 NW2d 142 (1981), citing 1A Sutherland, Statutory Construction (4th ed), § 22.30, p 265. In this case, I believe that the Crime Victims Compensation Board has failed to make an adequate showing to rebut this presumption.[1]

---

[1] I realize that, since the statute was amended in 1985 to foreclose multiple claims of $15,000 [§ 6(1)] and to require a claimant to file for benefits not later than one year after the occurrence of the crime

In sum, since I conclude that the Legislature originally intended in the crime victims compensation act that the term "claimant" encompass all persons entitled to file a claim and receive benefits and that each such person could receive a maximum aggregate award of $15,000, I would reverse the holding of the Crime Victims Compensation Board and remand the case for a calculation of benefits due to claimant and to her two minor children, applying to each individual an aggregate award maximum of $15,000.

upon which the claim is based [§ 5(2)], the issue presented in the present case may not to any great extent arise in the future. I note, however, that the postamendment language of § 11(1) still provides that "[T]he aggregate award under this act shall not exceed $15,000.00 *per claimant.*"